Burling *v.* King.

Order affirmed.

[FIRST DEPARTMENT, GENERAL TERM, at New York, November 3, 1873. *Ingraham* and *Brady*, Justices.]

66b 633
13ap541

## BURLING *vs.* KING.

It is a general rule that an instrument on which a party seeks relief in equity will not be specifically enforced unless it be supported by a meritorious consideration. This rule necessarily implies that specific performance of an agreement will not be enforced, in equity, where the party seeking such relief has not performed the agreement on his part, so that the other party cannot complain of not having had the benefit of the consideration which supports the agreement.

The defendant executed and delivered to B., an attorney and counsellor, an agreement reciting that she (the defendant) had then pending, in the Supreme Court, an action wherein she was plaintiff, and L. K. and others, defendants, for the recovery of certain specified real estate, and another action against L. K. for divorce; that in said actions B. had been and was her attorney, and had in said actions, on her behalf, incurred responsibilities in the employment of additional counsel, and to others. She then, in consideration of said services of B., rendered and to be rendered, and to enable him to discharge said responsibilities to counsel and others, agreed that B. should retain and have one-third of all property or moneys recovered in said actions or either of them; and that she would convey to B. the said one-third, in case a conveyance by her should be necessary to the possession by him of the one-third of said property or moneys, at his request; to have and to hold the same to said B., his heirs and assigns forever. In an action by B. for the specific performance of this agreement :

*Held*, that it was not sufficient for the plaintiff to show that he rendered services as required, and thus paid or performed some of the considerations contemplated by the parties. That it was necessary, before he could invoke the aid of a court of equity, to enforce a specific performance, to show that the full and particular consideration referred to in the agreement had been paid or performed, and that the defendant had had the whole benefit thereof.

And, it appearing from the proofs, that B. had not lived up to the agreement

on his part; that, instead of discharging the responsibilities to counsel and others, they were not borne by him at all, but the defendant herself was called upon by him for money to the amount of $625, one half of which, only, he paid out for disbursements, applying the other half to his own compensation; and that the defendant was obliged to raise $1,500 by mortgage upon her own property, to pay counsel employed by B.; *Held* that the plaintiff was not entitled to a decree for the specific performance of the agreement by the defendant.

*Held*, further, that although the court refused to enforce the contract specifically, still the case might be retained, in order to do complete justice, and to inquire, by an assessment of damages, what further, if any, compensation was due from the defendant to the plaintiff. A special issue was therefore ordered, to be tried at the circuit, requiring the jury to find whether, for the services referred to in the complaint, the plaintiff was entitled to any further compensation from the defendant than he had already received; and if any, how much.

APPEAL, by the plaintiff, from a judgment entered at a Special Term, dismissing the complaint.

*Ira Shafer*, for the appellant.

*Wm. A. Coursen*, for the respondent.

*By the Court*, FANCHER, J.   The plaintiff is an attorney and counsellor of this court, and has brought this action for a specific performance of an agreement executed and delivered to him by the defendant, of which the following is a copy :

" Whereas I have now pending in the Supreme Court an action wherein I am plaintiff, and Louis King and others defendants, for the recovery of the properties 24 and 26 Wooster street, and 223 Chrystie street, and another action in said court for a divorce against said King ; and whereas in said actions, Cornelius Burling has been and is my attorney, and whereas, also, in said actions on my behalf, said Burling has incurred responsibilities in the employment of additional counsel, and to others in my behalf in said suits.   Now, in consideration of said services of said Burling, rendered and to

be rendered, and to enable him to discharge said responsibilities to counsel and others, I do agree that said Burling shall retain and have the full one-third of all property or properties recovered, or money or moneys recovered in said actions, or either of them, and I do agree to convey to said Burling the said one-third in case a conveyance to me be necessary to the possession by said Burling of said one-third of said money or moneys, property or properties, on the request of said Burling, to have and to hold the same, and every part thereof, to said Burling, his heirs and assigns forever.

> In witness whereof, I have hereunto set my hand and seal this 29th day of December, 1869.

MARGARET KING.    [L. S.]

Signed, sealed and delivered }
  in presence of

    T. P. SOMERVILLE."

It was proved on the trial, that the defendant is the wife of Louis King; had been married to him about sixteen years; and that for about ten or eleven years they had together kept houses of detestable description in the city of New York. Neither of them had any property when they were married, but, in the unlawful business they had pursued, they had made money and invested it in real estate in Chrystie and Wooster streets in said city. In 1869 they disagreed and separated. The defendant then commenced two actions against her husband, one for a divorce, and the other to obtain an interest in the property thus acquired. The plaintiff was not the attorney in those actions; but, being a lawyer and meeting the defendant at or near the office of her attorney, she requested the plaintiff to see her attorney about her law matters; and from the time of that interview the plaintiff conversed with the defen-

dant, made examinations, consulted other counsel, drew statements and affidavits, and rendered services relating to the actions in which the defendant was concerned, and tending to her benefit in respect of the property which she afterward, on settlement with her husband, received.

The plaintiff testifies that he wrote letters to King, the husband of the defendant; had interviews with his lawyer, negotiated for a settlement; prepared elaborate statements and affidavits touching the property and re-regarding the defendant and her husband; and that he engaged other counsel, by whose aid an injunction was obtained. The plaintiff further testified, that "other parties" with whom he was acting, as well as the counsel, looked to him for compensation, and refused to render their services unless he procured some such paper as the above recited agreement of the defendant; and that "on the strength of that paper" he obtained their services. The plaintiff states that he had the paper drawn and took it to the defendant at her house in Broome street, Mr. Somerville going with him; and he says he "told her that that agreement had to be put in writing;" that he read it to her; that it was discussed there with her, and she executed it. The defendant gives a different version of the circumstances attending the execution of the paper, and testifies that the plaintiff said: "Sign this paper—it has to go into court."

The learned judge, at Special Term, before whom the action was tried, says, in his opinion: "Though the question is not entirely free from doubt, yet I think, upon the whole, the weight of the evidence is, that the defendant did execute the agreement, with a knowledge of its purport and effect, and without any fraudulent representation or artifice being used to procure its execution." Nevertheless, the judge at Special Term refused to decree a specific performance of the contract for vari-

Burling *v.* King.

ous reasons assigned in his opinion ; (*a*) and the reasons thus stated do, in our judgment, show that the plaintiff is not equitably entitled to the exercise of the discretionary power of a court of equity, to have the agreement specifically performed.

(*a*) The following is the opinion of the justice before whom the action was tried at Special Term :

SUTHERLAND, J.   This is an action to compel the specific performance of a certain written agreement set forth in the complaint, purporting to have been signed and sealed by the defendant, and to have been acknowledged by her before a notary public.

The defendant, in her answer, does not deny that she formally executed the agreement, that is, signed and sealed it, but she alleges in her answer substantially, that if she signed it, she was induced to do so by the false representation of the plaintiff as to what the paper or agreement was in purport and effect ; that she did not read it ; nor was it read to her ; and that she signed in ignorance of its real purport and effect, and supposing it to be a different paper or agreement and for a different purpose ; and on the trial the defendant substantially supported these allegations in her answer by her evidence.

The evidence of the plaintiff, and of the notary on the trial, tended to show that there was no fraudulent representation or artifice used to procure the execution of the agreement, and that it was read to her before she executed it, and that she executed it with a knowledge of its purport and effect.   And there was other evidence on the trial as to declarations of the defendant before the execution of the agreement, tending to show that she would be likely to execute substantially such an agreement.

Though the question is not entirely free from doubt, yet I think upon the whole, the weight of evidence is, that the defendant did execute the agreement, with a knowledge of its purport and effect, and without any fraudulent representation or artifice being used to procure its execution ; but assuming this to be so, I think the complaint should be dismissed without costs, on grounds which I will proceed very briefly to state.

Judge Hilliard, in his book on Equity Jurisprudence, says : "A bill in equity for the specific performance of a contract, is an application to the sound discretion of the court, which withholds or grants relief according to the circumstances of each particular case; and in the exercise of its jurisdiction in such cases, the court, though not exempt from the general rules and principles of equity, acts with much more freedom than when exercising its ordinary powers."

The books and cases show that the agreement, to be specifically enforced, must be certain in its terms and mutual in its character, (with the exception of agreements under the statute of frauds, required by the statute to be

Aside from the reasons which the learned judge before whom the trial was had has so well assigned, there are other considerations which arise out of the circumstances of the case, leading to the conclusion that no judgment for a specific performance should be granted, whatever other relief to the plaintiff would be proper.

executed by one party, or the party to be charged only,) fair and just, founded on an adequate consideration, and in its nature and circumstances unobjectionable to a court of equity.

It may be said that the party asking a court of equity to compel the specific performance of an agreement, must show the court—considering the consideration paid or to be paid, or the services rendered or to be rendered, by him, as a compensation for which he asks the court to compel the specific performance of the agreement, and considering the nature of the agreement, and the other circumstances of the case—that he is *equitably* entitled to such compulsory specific performance.

Of course the court, in determining the question whether the party asking for the specific performance is or is not entitled to its judgment compelling it, must make such determination, in view of settled principles of equity, and of established precedents relating to the exercise of the jurisdiction of courts of equity, over such branch or subject of their jurisdiction.

By the agreement in question the defendant, after reciting that she had two actions in which she was plaintiff, pending in the Supreme Court against Louis King, (her husband,) one for the recovery of certain real estate in the city of New York, specified in the agreement, and another for a divorce, in which actions the plaintiff in this action (naming him) had been and was her attorney, and after reciting further, that he (the plaintiff in this action) had incurred responsibilities in the employment of additional counsel, and to others, in her behalf, in such suits, in consideration of such services rendered and to be rendered by the plaintiff in this action, (naming him,) and to enable him to discharge such responsibilities to counsel and others, agreed that he should retain and have the full one-third of all property or properties recovered in said *actions*, or either of them, and agreed to convey to him the said one third, if a conveyance was necessary to possess him of said one-third of said moneys, property, or properties, on his request.

Now, after a careful consideration of this case, I have come to the conclusion that the plaintiff is not entitled to a judgment compelling a specific performance of the agreement on several grounds, which I will proceed very briefly to state :

*First.* It appears from the plaintiff's own evidence, that before the actions mentioned in the agreement were settled by a discontinuance of the

In the first place, the evidence shows that the plaintiff did not live up to the agreement.    The consideration of the agreement, as stated upon the face of it, was " the services of said Burling, rendered and to be rendered, and to enable him to discharge said responsibilities to

divorce action, and the entry of a compromise judgment in the action to recover property, on the written consent of the parties to it, and of their attorneys, (and by or through which the plaintiff in this action claims in his complaint therein, that the defendant recovered or obtained the real estate and mortgage mentioned therein, and the third of which real estate and mortgage he asks the court to compel the defendant io transfer to him,) he had received from the defendant from time to time various sums of money, amounting in the aggregate to $625, as the employee of the defendant, with the aid of counsel, to conduct, carry on or prosecute the actions mentioned in the said agreement of the defendant.

Of this amount of $625 the plaintiff testified that he paid out as disbursements in the said two actions perhaps one half.    He was not willing to testify and would not testify that he so paid out more than one half.

I think it safe to say, considering his evidence and the other evidence in this action, that he retained and had, to and for his own use, *at least* one-half of the aggregate amount so received by him from the defendant in this action ; and in view of his own evidence, and of the other evidence in this case as to his service, or as to what he did as such employee of the defendant in this action in or about the prosecution of the two actions mentioned in the said agreement, I cannot avoid thinking that what he retained and had to and for his own use, out of the $625 fully compensated him for all his services as such employee of the defendant in this action, in the two actions mentioned in the agreement in question.    If the plaintiff has been, or was, thus fully compensated, how can I say that the plaintiff is *equitably* entitled to the judgment he asks for in this action.

In view of what has been said, it appears to me that to compel the defendant to make the transfer or conveyance asked for by the complaint in this action would be, in substance and effect, compelling her to make the transfer without any consideration whatever, not to say without any adequate consideration.

True, the evidence shows that the plaintiff did employ counsel on his own responsibility in the said two actions, and able counsel; but the evidence also shows conclusively that such counsel was fully paid out of moneys raised on a mortgage executed by the defendant and her husband on a part of the real estate which she claimed to recover of her husband in the action in which the said compromise judgment was entered, provision having been made in said judgment for the execution of the mortgage for the purpose, among others, of paying such counsel; and said judgment expressly provided in substance that the payment of such coun-

counsel and others." Whereas the case shows that instead of bearing the burden of these responsibilities, they were not borne by him at all. The defendant, herself, was called upon by the plaintiff for money; and after the agreement she paid him, at various times, $625,

sel should be in full satisfaction of all costs, charges, expenses and counsel fees, whether of attorney or counsel of the plaintiff (the defendant in this action) in that action; but this provision was followed by another provision to the effect that such payment was not to prejudice the claims and rights of the plaintiff in this action, as one of the counsel of the plaintiff in that action.

I think the weight of the evidence is, that the last mentioned provision was explained to the defendant in this action when she signed the written consent to the said compromise judgment, so that she understood it; yet assuming that the defendant was, and is, thereby estopped from setting up and insisting that such payment by or through the compromise judgment to the counsel so employed by the plaintiff in this action, as a defence to this action, yet the consideration that the plaintiff in this action has already been paid, from time to time, by the defendant, in the aggregate, an amount sufficient to cover all his disbursements and expenses in said two actions, and to compensate him fully for all his services in said actions, remains in full force upon, or as to, the question, whether the plaintiff, having already received such full compensation, can be said to be *equitably* entitled to the exercise of the jurisdiction of a court of equity compelling the defendant to transfer to the plaintiff property of the value of some thousands of dollars, as an additional or further compensation for his services in the said two actions?

*Second.* The plaintiff was not the attorney of record for the defendant in this action, as plaintiff in said two actions; the name of another attorney having been used as her attorney in said actions. In view of the evidence in this case as to what had been done in behalf of the defendant, the plaintiff in said actions, when the compromise judgment was agreed upon and entered, especially the evidence of Mr. Barrett, a witness sworn on the part of the plaintiff; and in view of the evidence in this action clearly showing that the property action in which the compromise judgment was entered was groundless, and the claim made by the defendant in this action as plaintiff in it, without any foundation; and in view of the circumstance that the divorce action was discontinued upon the compromise judgment being agreed upon and entered, and that the defendant in this action and her husband have since lived separate and apart from each other; and looking at the terms of the agreement which the plaintiff asks to have specifically executed, I do not think it an unjust or uncharitable conclusion, that the defendant in this action employed the plaintiff in it to prosecute, with the aid of counsel to be employed and paid by him, said two

one half of which he states he paid out for disbursements, and the other half of which he applied toward his own compensation. This was withdrawing from the defendant all benefit of the agreement, superseding its mutuality, and ignoring it altogether, so far as the plaintiff's obligations were concerned. Then, also, when the settlement of 9th of April, 1870, was effected, the fees of the counsel employed by the plaintiff were provided for out of a mortgage executed by Louis King and Margaret King, this defendant, and the sum of $1,500 was thus raised for that purpose, no part of which was paid by the plaintiff.

actions against her husband, with a view of *harassing* him into the settlement which took place, or into some settlement or arrangement with like results, and that the plaintiff in this action accepted such employment, and undertook, under the agreement in question, to prosecute said actions with a like view.

If this conclusion is just, and warranted by the evidence in and circumstances of this case, the most evident considerations of public policy should restrain a court of equity from encouraging the plaintiff and other lawyers to stir up and carry on like litigations, under like speculative agreements, for remuneration out of the proceeds or results of the litigations.

If the plaintiff has a remedy at law under the agreement, let him pursue it.

*Third.* There was no mutuality in the agreement in question. It was not signed by the plaintiff. If it had been, a court of equity could not, and would not if it could, have decreed the plaintiff to specifically perform his part of it. (*See Hamblin* v. *Dinneford,* 2 *Edw. Ch.* 528 ; *Adderley* v. *Dixon,* 1 *Sim. & Stu.* 607 ; *Witty* v. *Cottle,* 1 *id.* 174.)

I do not urge the circumstance that the agreement was probably void at law, because the defendant was a married woman when she made it, as a reason why the plaintiff's complaint should be dismissed, because it clearly does not follow, if her agreement was void at law, that the plaintiff may not have in equity the specific execution of it.

But, upon the grounds before stated, and without adverting to other circumstances of this case, to show that the purpose of the defendant in making the agreement, and the purpose of the plaintiff in procuring and accepting it, ought not to receive the favorable consideration of a court of equity, and that the plaintiff should be left to his remedy at law, if he has a remedy at law, I think the plaintiff's complaint should be dismissed, with costs.

Had the plaintiff, after the execution of the agreement, observed his implied obligations, by the rendering of his services and by discharging the fees of the counsel he had employed, relying upon the agreement for remuneration and reimbursement, there would have been more merit in his application to the court for a decree of specific performance. But, as the case stands, it does not appeal strongly for the exercise of any equitable discretion in his behalf to that effect. Equity would say that if the defendant must, under the agreement, surrender one-third of the property she acquired by the settlement, she should have back the $625 which the plaintiff has received; and should, also, have allowed to her the $1,500 paid to counsel, which the plaintiff was to provide for, but no part of which has been paid by him. These sums make up what was the consideration of the agreement; if not in whole, certainly in part.

It is not sufficient for the plaintiff to show that he rendered services as required, and thus paid or performed some of the consideration contemplated by the parties. It is necessary, before he can invoke the aid of a court of equity for a specific performance, to show that the full and particular consideration referred to in the agreement has been paid or performed, and that the defendant has had the whole benefit thereof. This cannot be pretended by the plaintiff, under the facts of this case. It is laid down, as a general rule, that the instrument on which a party seeks relief in equity will not be specifically enforced, unless it be supported by a meritorious consideration, (1 *Mod.* 126 ; 4 *John. Ch.* 500 ;) and this rule necessarily implies that specific performance of an agreement will not be enforced in equity, where the party seeking such relief has not performed the agreement on his part, so that the other party cannot complain of not having had the benefit of the consideration which supports the agreement.

Burling *v.* King.

Another question remains. It is this: Has the plaintiff been reasonably compensated for his professional services rendered at the request of the defendant, in and about her actions and affairs? That he exercised industry, ingenuity, labor, perseverance and effort, which tended to the favorable result of a settlement, by which the defendant was largely benefited, cannot, upon the record in this case, be denied. Several witnesses, whose relation to the controversy and whose professional experience and intelligence, qualified them to speak on the subject, were asked as to the value of the plaintiff's services in the matter, but the court excluded their testimony. What the plaintiff would be entitled to receive upon a *quantum meruit* cannot be divined upon the evidence in the case, as it now stands, for the court excluded the evidence on that question ; yet the learned judge, in his opinion, says he cannot avoid thinking that the plaintiff has been "fully compensated for all his services." That may be true ; but the plaintiff is entitled to present his evidence as to that point, and to have the judgment pronounced on such evidence instead of being conjectured without evidence. The better way to remedy the error in this respect, is to award a special issue to be tried at the circuit by which the jury shall be instructed to find whether, in respect of the services referred to in the complaint, the plaintiff is entitled to any further compensation from the defendant, and if any, how much.

Although this was an equity action for specific performance, and the court refused to enforce the contract specifically, still the case may be retained to do complete justice and to inquire, by an assessment of damages, what further, if any, compensation is due from the defendant to the plaintiff. In *Phillips* v. *Thompson* (1 *John. Ch.* 150) the chancellor retained the bill and awarded an issue of *quantum damnificatus*, to assess the damages which the plaintiff had sustained, although

the bill there could not be maintained for the alleged fraud or mistake. The chancellor referred to, and approved, several cases brought for specific performance where an issue of *quantum damnificatus* had been awarded. Among them was the case of *Denton* v. *Stewart*, before Lord Kenyon, (1 *Fonb.* 38; 1 *Ves. Jun.* 329 ; 17 *id.* 276, *note* 2,) which authority was afterward approved and followed by Sir Wm. Grant, in *Greenaway* v. *Adams*, (12 *Ves.* 395.) In those cases specific performance was denied, but an issue to assess damages was awarded. (*See Wiswall* v. *McGown*, 2 *Barb.* 281.)

The judgment of the Special Term, so far as specific performance of the agreement was refused, should be affirmed, but in all other respects reversed, and a special issue directed to be tried at the circuit, by which the jury shall be directed to find whether, for the services referred to in the complaint herein, the plaintiff is entitled to any further compensation from the defendant than he has already received, and if any, how much. Either party to be at liberty to move for judgment at Special Term upon the pleadings and special verdict, when, also, the question of costs can be determined.

Judgment accordingly.

[FIRST DEPARTMENT, GENERAL TERM, at New York, November 3, 1873. *Ingraham* and *Fancher*, Justices.]