(13 App. Div. 536.)

WRIGHT v. SMITH.

(Supreme Court, Appellate Division, Fourth Department. January 27, 1897.)

1. CONTRACTS—RESCISSION—PART PERFORMANCE.
    Plaintiff is not entitled to recover back payments made on a contract to pay defendant a certain sum in consideration of the erection of a building which should bear the name of plaintiff's insurance company, merely because defendant changed the name of the building after plaintiff was in default on his payments, since defendant had performed in part and could not be restored to the position he occupied before the execution of the contract.

2. JUDGMENTS—EQUITABLE RELIEF—DEFENSE ARISING AFTER JUDGMENT.
    Equity will not enjoin the enforcement of a judgment for payments due on a contract to pay a certain sum in consideration of the erection of a building which should bear the name of the judgment debtor's insurance company,

merely because the name of the building was changed after the judgments were rendered and while the debtor was in default on the contract, there being no fraud on the part of the judgment creditor.

Appeal from special term, Erie county.

Action by William F. Wright against John H. Smith to recover back payments on a contract and restrain the collection of judgments for other payments thereon. From so much of a judgment entered on a decision of the trial judge as denies recovery of the payments, plaintiff appeals; and from so much of the same judgment as restrains the collection of the judgments, defendant appeals. Affirmed on plaintiff's appeal, and reversed on defendant's appeal.

The court pronounced two conclusions of law, viz.: "That the plaintiff is not entitled to recover from the defendant the property, moneys, and securities transferred by said plaintiff to said defendant, as stated in the above second finding of fact, nor to the order of this court enjoining or restraining the defendant from assigning or transferring the same. Second. That the plaintiff is entitled to the judgment of this court to permanently enjoin the defendant from selling, assigning, transferring, enforcing, or collecting the judgments obtained by him against the plaintiff herein, as stated in the above fifth finding of fact." Plaintiff appeals from that portion of the decision and judgment that is adverse to him, and the defendant appeals from that portion of the decision and judgment that is adverse to him. Both appeals come up upon one case and exceptions.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, and GREEN, JJ.

Parker & Alexander, for plaintiff.
L. M. Cummings and Norris Morey, for defendant.

HARDIN, P. J. On the 5th day of February, 1892, the plaintiff and defendant entered into an agreement in writing which is set out in the complaint. By the terms of that agreement the defendant consented and agreed to erect a building upon a lot owned by him at the southwest corner of Swan and Pearl streets, in the city of Buffalo, which was to be fireproof in construction and to be eight stories in height, "and to be suitable for office purposes, and to be worth, with the ground or lot, when completed and ready for occupancy, about one hundred and fifty thousand dollars." The contract estimated the lot to be of the value of $50,000. The agreement contained the following language:

"The said building shall be named, marked, and known as 'The Union Central Life Building,'—the name to be cut, carved, or engraved on the outside of and in the most prominent part of said building, and said name or marking to be of reasonable size, and to be as designated by the architect, so as to harmonize with the architectural elements of the building; and, in addition, a streamer bearing the words 'Union Central Life Building' may be floated by the said party of the second part [plaintiff herein] from a permanent flagstaff from the top of the building, which the said first party [defendant herein] agrees to erect thereon."

The plaintiff was also to have "first choice in selecting offices for his business in the said building," and he was to take a lease of said offices for a term of years. The agreement contained a clause that, in consideration of the foregoing conditions, the plaintiff should pay to the defendant—

"A cash bonus of twenty-five thousand dollars, in manner following, to wit: Twenty thousand dollars ($20,000), in four equal installments of five thousand dollars ($5,000) each, as the building progresses, the first payment to be made in thirty days after the building is commenced, and three other payments, of five thousand dollars each, at intervals of two months thereafter, the remaining five thousand dollars to be paid within one year from the time the building is completed and ready for occupancy. The bonus of twenty-five thousand ($25,000) dollars, above referred to, having to be secured by said party of the second part from his commissions upon insurance to be subscribed for by the citizens of Buffalo and vicinity, it is expressly understood and agreed between the parties hereto that this agreement shall not be binding upon the party of the second part unless and until he shall have secured subscriptions for an amount of insurance that will justify him in carrying out his part of this contract. When the said William F. Wright notifies the said John H. Smith, in writing, that he is ready to carry this contract into effect, then it shall be binding upon both parties hereto, and, should such notice not be given before January 1, 1893, then this agreement to become null and void, and of no effect."

It was also stipulated "that ground shall be broken not later than May, 1892." It is found as a fact that, on the 23d of May, 1892, the plaintiff signed and served upon the defendant notice in writing, containing the following language:

"I have now secured a sufficient amount of insurance on account of the proposed building, to be known as 'The Union Central Life Building,' as justifies me in going on with the project as per our agreement. You are hereby notified to proceed at once and carry out the agreement upon your part in accordance with the terms of the same.

"Respectfully, yours,                       Wm. F. Wright."

Upon receiving the notice the defendant proceeded with the erection of the building referred to in the contract, commencing the construction about the 1st of May, 1893, and completing the building about the 1st day of May, 1894. It is found by the trial court:

"That upon said building, as completed, there appeared over the main entrance thereof the words 'The Union Central Life Building,'—the letters in said words being engraved or molded upon the outside of and on the most prominent part of said building, in all respects agreeing with the requirements of said contract. The said words, 'The Union Central Life Building,' remained upon said building, as herein stated, until the 4th day of June, 1895, at which time the defendant caused the same to be removed, and substituted in the place thereof the words 'The Dun Building.' "

It was also found as a fact:

"That the plaintiff has wholly failed to comply with the conditions of said contract, in so far as the same provides for the payment of the sum of $25,000, the consideration for the erection of said building by the defendant. That on or before the 21st day of June, 1893, the plaintiff paid, to apply upon said sum of $25,000, the sum of $1,875.10, which sum was made up of several payments, the last of which was made upon the date last aforesaid."

It is also found that the plaintiff delivered to the defendant several certificates and assignments of interest in land contracts "as collateral security for the payment of the sum then due and thereafter to become due upon said contract with defendant." Most of the said collaterals are found to have become valueless by reason of the enforcement of prior liens upon the property to which they related. It is found as a fact that no agreement for extension of time had been given by the defendant for the payment of the $25,000, and it is found that the full sum of $25,000, "less the

sum paid thereon as hereinbefore found, became and was due and owing to the defendant, John H. Smith, from the plaintiff, on or before the 4th day of June, 1895." It is also found that on the 5th of April, 1894, the defendant in this action recovered a judgment for the sum of $13,600.95, unpaid on the first three installments, against the plaintiff herein, "for installments at that time due upon the contract"; that on the 9th day of November, 1894, the defendant recovered another judgment against the plaintiff for the sum of $5,367.40, unpaid on the fourth installment, damages and costs, "the same being for an installment of $5,000 due upon the contract above referred to; and that, subsequent to the recovery of said judgments, executions were duly issued thereon to the proper county, and by the sheriff thereof returned wholly unsatisfied, and said judgments now remain wholly unpaid and unsatisfied."

Inasmuch as the plaintiff was in default, not having fulfilled the terms of the contract on his part, at the time of the commencement of this action, he was not entitled to recover back from the defendant the moneys or securities advanced by the plaintiff towards the liquidation of the $25,000. In the opinion delivered by the learned trial judge we find the following language, which seems to properly state the reasons for denying the plaintiff the relief sought for. He says:

"No authority need be cited to show that the plaintiff's default, in omitting to make his payments, presents an insuperable obstacle to his recovering any moneys voluntarily paid by him in part performance of his contract, or any securities transferred by him as collateral thereto."

The learned counsel for the plaintiff calls our attention to Smith v. McCluskey, 45 Barb. 610. That case is quite unlike the one in hand. There "the contract had not been fulfilled. The party with whom they contracted had not performed his part of the agreement, and they had a right of action to recover their damages by reason of such omission. * * * Such money could be recovered back in an action for a breach of the agreement to give good and sufficient title." The plaintiff also cites Chapman v. City of Brooklyn, 40 N. Y. 372, which furnishes no support for his contention. It is not proposed by the plaintiff to put the defendant in the position he was in before the plaintiff's inducement had been held out to him to erect the building in accordance with the provisions of the agreement. The plaintiff, if he would rescind the contract which he has entered into, should do so by a restoration of the defendant to the position which he occupied prior to the execution of the contract, or indicate some fraud or fraudulent practice on the part of the defendant. The plaintiff has not tendered performance in fact or in his complaint. Gould v. Bank, 86 N. Y. 75; Barr v. Railroad Co., 125 N. Y. 263, 26 N. E. 145; Burling v. King, 66 Barb. 633; Van Campen v. Knight, 63 Barb. 205.

The foregoing views lead to the conclusion that the judgment, so far as it is appealed from by the plaintiff, should be affirmed, with costs.

2. Apparently the recovery by the defendant of two judgments. against the plaintiff was for the first four installments in arrear due from the plaintiff to the defendant. When those actions were brought, the present plaintiff, apparently, put in some answers, and, issues being joined, the actions were tried, and a recovery had in favor of the plaintiff in those actions, who is defendant here, without any fraud or fraudulent practices in the proceedings for the recovery of the judgments. Indeed, the complaint in this case does not allege any fraud in the proceedings leading up to the two judgments, nor does it allege that anything has occurred since the recovery of the judgments which renders the judgments fraudulent in fact. Although it may be conceded that "courts of equity have power and jurisdiction to set aside judgments procured by fraud" (Mather v. Parsons, 32 Hun, 340), a party who seeks to overhaul or set aside a judgment, or to restrain proceedings thereon by means of a second action, should, in his complaint, state proper ground for relief. As already intimated, we find no ground in the plaintiff's complaint alleged upon which to justify a court in interfering with the judgments recovered by the present defendant against the present plaintiff. In Mayor, etc., v. Brady, 115 N. Y. 599, 22 N. E. 237, it was said, viz.:

"No court has authority to vacate and set aside a judgment of a court of co-ordinate jurisdiction·upon the ground that the contract upon which it was based was fraudulently obtained, or that there had not been an honest and fair performance thereof, in the absence of proof that the defendant in the action wherein the judgment was obtained was prevented, by some act or contrivance of the plaintiff, or by some accident unmixed with negligence of himself or his agents, from prosecuting his defense·therein."

The doctrine upon which courts interfere with judgments by means of a second action are very fully discussed in that case, and we think the plaintiff here has not made a case within any of the principles laid down by the court in the case last referred to.

The defendant caused the words "The Union Central Life Building" to be placed upon the building erected by him in accordance with the stipulations contained in his agreement,—"the letters in said words being engraved or molded upon the outside of and on the most prominent part of said building, in all respects agreeing with the requirements of said contract." Those words remained upon the building until the 4th day of June, 1895, and until that date the plaintiff was receiving the benefit stipulated for, and that, too, without having paid but a small portion of the consideration which he undertook to pay to the defendant for placing such inscription upon the building. Probably the essence of the agreement between the parties was to the effect that the lettering should remain upon the building, and it is not necessary to determine, at this time, whether the plaintiff might have maintained an action, if he had fulfilled, to require the defendant to perpetually retain the inscription upon the building. The failure of the plaintiff to comply with the provisions of the contract, as we have already stated, was such as to supersede the necessity of discussing that question at this time. Nor is it necessary to discuss the question as.

to the right of the plaintiff, in the event he had fulfilled, to maintain an action for specific performance of that part of the agreement of the defendant which required the inscription to be placed upon the building, and to be allowed to remain there.   If the defendant, by causing the inscription to be removed, and substituting in the place thereof the words "The Dun Building," has committed a breach of the agreement on his part, possibly an action for damages might be maintained.

In that aspect of the case, however, no proof was given on the trial now under review which would warrant the court in finding that the plaintiff sustained any damages by the removal of the inscription on the building.   Nor does the evidence suggest any adequate grounds upon which the plaintiff can have an action, in the nature of specific performance, requiring the defendant to restore the inscription upon the building.   According to the finding of fact made by the trial court, the words "The Union Central Life Building," placed thereon, remained upon the building until the 4th day of June, 1895.   The plaintiff, therefore, had the benefit of a partial performance on the part of the defendant of his agreement, and it is not apparent that there is an entire failure of consideration for the judgments which were rendered against the plaintiff for the installments mentioned in his agreement.   Before the judgments were recovered the plaintiff had his day in court, and urged, it must be supposed, any and all defenses that he had against the claim upon which the judgments were recovered.   The evidence does not clearly indicate that the defendant has put himself in a position where he cannot perform his part of the agreement, or restore the plaintiff to the situation which he occupied before the lettering was displaced.   Indeed, the plaintiff does not ask, in his complaint, to have the lettering restored, nor in any way put himself in a position to demand a restoration of the words "The Union Central Life Building."   If the defendant has wrongfully displaced the words from the building, and in that way committed a breach of the implied agreement that the words should remain thereon, the plaintiff should seek his remedy for a breach of that portion of the agreement, either by a suit to recover damages, or by a suit in equity to have the same restored.   We find neither in the complaint nor in the evidence furnished at the trial any adequate ground for that portion of the judgment rendered in this action which "permanently enjoins the defendant from selling, assigning, transferring, enforcing, or collecting the judgments obtained by him against the plaintiff herein."   We therefore reach the conclusion that that portion of the judgment appealed from by the defendant should be reversed.

That portion of the judgment appealed from by the plaintiff affirmed, with costs.   That portion of the judgment appealed from by the defendant reversed, with costs of the appeal to the defendant.   All concur.